|/WICKER, Judge,
concurring in part.
I agree with the majority that the case be remanded for a new trial on the value taken for the drainage ditch. However, I respectfully concur in part. On remand I would instruct the trial court to clarify the ownership interest in that portion of property taken since litigation cannot be adjudicated without joinder of all indispensable parties. La.Code Civ.P. art. 927. The record is devoid of any documentation regarding the transfer of title during the relevant periods. Julius Sellers refers to a second sister as co-owner. Only one sister is a party to this litigation. There is no evidence in the recoi’d regarding any transfer of ownership by this unnamed sister. Also, Sellers testified he sold two pieces of property approximately three months before the trial date of January 10, 1994. The record is unclear as to whether these parties have purchased property allegedly adversely affected. Moreover, Sellers testified the drainage ditch project has not yet been completed, suggesting that the taking is still in progress. Richard Shread, the civil engineer for the project, identified still another owner of the property, Sellers’ wife. She too is not a party to this litigation.